No. 00-635

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 90N

IN THE MATTER OF T.S.,

Youth in Need of Care.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kevin T. Sweeney; Sweeney & Healow, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Richard Helm, Deputy

Count Attorney, Billings, Montana

For Guardian Ad Litem:

Patrick E. Kenney, Attorney at Law, Billings, Montana

Submitted on Briefs: February 1, 2001
Decided: May 17, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Thirteenth Judicial District Court, Yellowstone County, terminated the parental rights of T.S.'s mother. The mother appeals. We affirm.

¶3 The issue is whether the District Court erred in finding the mother had failed to complete treatment plans.

¶4 T.S.'s mother placed him in the care of her own mother (T.S.'s grandmother) when he was an infant. Then, when T.S. was a little over a year old, his mother asked the Department of Public Health and Human Services (DPHHS) to find a foster care placement for him because his grandmother had been arrested on drug charges. DPHHS placed T.S. in foster care and formulated a treatment plan designed to allow his mother to resume custody.

¶5 T.S.'s mother has longstanding bipolar mental disorder and chemical dependency problems and leads a transient lifestyle. At the termination hearing, DPHHS caseworkers testified that T.S.'s mother had failed to complete either of her two treatment plans over a 10-month time period. She never lived in one place long enough to have it evaluated as a suitable place for T.S. to live. She did not complete parenting education or follow through with regular counseling concerning her mental illness.

¶6 The mother points to testimony of her mental health case manager which she claims conflicts with that of the DPHHS caseworkers. According to the mother's somewhat

generous characterization, that testimony is that she had met all the goals and tasks of a mental health treatment plan which the case manager deemed identical to--or more comprehensive than--the treatment plan prepared by DPHHS. As a result, the mother argues the testimony of DPHHS social workers that she failed to complete her treatment plans does not establish that necessary element for termination of her parental rights under the requisite standard of proof by clear and convincing evidence.

¶7 The mother is correct that a party seeking to terminate parental rights must present clear and convincing evidence that the statutory criteria for termination have been met. *In re E.W.,* 1998 MT 135, ¶ 12, 289 Mont. 190, ¶ 12, 959 P.2d 951, ¶ 12 (citations omitted). Our appellate standard of review is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *See In re E.W., ¶¶* 10-11.

¶8 The mother's parental rights were terminated pursuant to § 41-3-609(1)(f), MCA.

> (1) The court may order a termination of the parent-child legal relationship upon a finding that any of the following circumstances exist:
>
> . . .
>
> (f) the child is an adjudicated youth in need of care and both of the following exist:
>
> (i) an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and
>
> (ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time.

The mother's argument on appeal is confined to the District Court's finding under subsection (1)(f)(i).

¶9 We observe that the record is devoid of any indication that the mental health treatment plan to which the mother's mental health care manager referred in her testimony was approved by the court for purposes of these proceedings as required under § 41-3-609(1)(f)(i), MCA. Even assuming it had been, however, the existence of conflicting evidence does not preclude a trial court's determination that clear and convincing evidence exists to support a finding of fact. *In re C.B.*, 2001 MT 42, ¶ 15, 304 Mont. 252, ¶ 15, 20 P.3d 117, ¶ 15 (citing *In re J.L.* (1996), 277 Mont. 284, 290, 922 P.2d 459, 462). Credibility is

exclusively within the province of the finder of fact. *In re C.B.*, ¶ 15. As stated above, this Court reviews a trial court's findings of fact in a parental termination proceeding under the clearly erroneous standard. *See In re E.W.*, ¶ 10.

¶10 Having reviewed the record, we hold that substantial

evidence supports the District Court's finding that the mother failed to complete treatment plans and that finding is not otherwise clearly erroneous. The mother does not dispute the other two necessary findings made by the District Court, that T.S. is an adjudicated youth in need of care and that her conduct or condition rendering her unfit is unlikely to change within a reasonable time. The mother has established no error in the termination of her parental rights.

¶11 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER